39 F.3d 1179
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Marzy Watina KING, Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marzy Watina KING, Defendant-Appellant.
 Nos. 94-5222, 94-5234.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 28, 1994.
Decided Nov. 4, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-93-127).
 ARGUED: William Graham Otis, Senior Litigation Counsel, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, VA, for Appellant. Charles Russell Burke, Virginia Beach, VA, for Appellee. ON BRIEF: Helen F. Fahey, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, MD, for Appellant.
 E.D.Va.
 VACATED AND REMANDED.
 Before RUSSELL and MOTZ, Circuit Judges, and CHASNOW, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Marzy Watina King was tried on stipulated facts and convicted by the United States District Court for the Eastern District of Virginia, Norfolk Division, of possession with intent to distribute 242 grams of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). The United States appeals, asserting that the district court erred in refusing to impose the mandatory ten-year minimum sentence set forth in the statute. King cross-appeals, asserting that the district court erred in failing to accept her plea to the lesser offense of simple possession of cocaine base. Although the cross-appeal is meritless, the government's appeal is well-founded. The trial judge improperly departed from the mandatory penalty set forth in 21 U.S.C. Sec. 841(b)(1)(A)(iii). Accordingly, we must vacate the original sentence and remand for a new sentence.
 
 I.
 
 2
 In July, 1993, King travelled to New York from her home in Kinston, North Carolina, to visit her friend, Leon Matthis, for the weekend. During her visit, Matthis asked King to transport an unspecified quantity of drugs back to North Carolina on her return trip. After King agreed, Matthis placed the drugs in her suitcase, accompanied King to the bus station, and purchased her return ticket to North Carolina. King boarded the bus and Matthis began to drive his truck to North Carolina. Matthis planned to meet King upon her arrival in Kinston, at which time Matthis would retrieve the drugs from her suitcase. On July 16, 1993, King arrived at the bus terminal in Norfolk, Virginia. Upon her arrival, Norfolk police searched her blue suitcase and seized the drugs contained therein. Shortly thereafter, King was arrested. The seized drugs were later analyzed by the Naval Investigative Service Forensic Science Laboratory in Norfolk, Virginia, and determined to contain 242 grams of cocaine base ("crack"), a controlled substance.[1] At the time of the incident, King was 20 years old, had never carried drugs before, was not herself a drug user, and had no record of any adult criminal activity.
 
 
 3
 King was indicted by the Commonwealth of Virginia for possession of a controlled substance with intent to distribute. Va.Code Ann. Sec. 18.2-248 (Michie 1988). However, the state indictment was dismissed when the United States Attorney commenced federal prosecution for the same offense. On September 24, 1993, King was indicted by a federal grand jury on a single count of possession of 242 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) (1988).
 
 
 4
 At the preliminary hearing, King pled not guilty to the charge of possession with intent to distribute in violation of Sec. 841(a)(1); however, she offered to plead guilty to simple possession of a controlled substance under 21 U.S.C. Sec. 844, a lesser included offense of Sec. 841(a)(1). The government rejected her offer to plead guilty to the lesser offense and, since she was not charged with a violation of Sec. 844, the district court refused to enter a plea of guilty.
 
 
 5
 On December 17, 1993, the trial judge found King guilty as charged. The district court concluded that intent to return a controlled substance to its original owner constitutes intent to "distribute" under Sec. 841(a)(1). United States v. King, No. CR-93-127-N, slip op. at 3 (E.D. Va. December 17, 1993). King does not challenge this finding.
 
 
 6
 At the sentencing hearing, the trial judge expressed his displeasure with the mandatory minimum sentence accompanying a violation of Sec. 841(a)(1) involving 50 or more grams of cocaine base.[2] The judge further noted that King had never seen the drugs Matthis placed in her suitcase until the police searched her belongings and that she cooperated fully with the police following her arrest. Reasoning that King could have "reasonably foreseen" carrying only 20 to 35 grams of cocaine, the trial judge manipulated the federal sentencing guidelines[3] to arrive at a sentence of 57 months in prison, plus five years of supervised release. The mandatory minimum sentence for the offense of which King was convicted is ten years imprisonment. 21 U.S.C. Sec. 841(b)(1)(A)(iii).
 
 II.
 
 7
 First, we briefly address King's contention that the district court erred in refusing to accept her offer to plead guilty to the crime of simple possession of a controlled substance. Although an accused has the right to plead guilty to a charged offense, the Constitution does not require that the trial judge accept that plea. Santobello v. New York, 404 U.S. 257, 262 (1971); see also Godinez v. Moran, --- U.S. ----, ----, 113 S.Ct. 2680, 2687 (1993).
 
 
 8
 Moreover, King was never charged with simple possession in violation of Sec. 844; rather, the sole charge against her was possession with intent to distribute in violation of Sec. 841(a)(1). Accordingly, the only options available to King were to plead guilty or not guilty to possession of cocaine with intent to distribute. Once she chose the lat ter, the district court correctly refused to entertain a further plea. The right to plead guilty to an offense only permits an accused to plead guilty to the entire offense as charged, it does not permit the accused to plead guilty to separate elements of the charged offense. The trial court properly rejected King's plea of guilty to the lesser included, but uncharged, offense of simple possession.
 
 III.
 
 9
 When a district court departs from mandatory sentencing requirements, we review the case using a standard similar to de novo review. See United States v. Ellis, 975 F.2d 1061, 1065 (4th Cir.1992), cert. denied, --- U.S. ----, ----, 113 S.Ct. 1352 (1993). Our first task is to determine whether the sentence imposed was in violation of the law. Id.; 18 U.S.C. Sec. 3742(f)(1). Where a trial judge fails to adhere to the law in imposing a sentence, we must vacate the sentence and remand the case for resentencing. Id.; see also United States v. Harriott, 976 F.2d 198 (4th Cir.1992).
 
 
 10
 There is no question that King was found guilty of violating Sec. 841(a)(1); indeed she does not even challenge the district court's finding in that regard. Similarly, it is undisputed that 242 grams of cocaine base were involved in the violation. Thus, there was indisputably a violation of Sec. 841(a)(1) involving in excess of 50 grams of cocaine base. In these circumstances, Sec. 841(b)(1)(A)(iii) provides that a defendant "shall be sentenced to a term of imprisonment which may not be less than 10 years...." That Congress intended to make this the mandatory minimum sentence for King's crime is clearly manifested in the language of the statute. Without an expression of contrary legislative intent, such plain language must be given full force and effect. Ardestani v. Immigration and Naturalization Service, --- U.S. ----, ----, 112 S.Ct. 515, 520 (1991).
 
 
 11
 At the time the trial judge pronounced the sentence in this case, the only statutory authority by which a district court could depart downward from the mandatory minimum sentence appeared at 18 U.S.C. Sec. 3553(e):[4] Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Id.; see also Guidelines Manual Sec. 5K1.1.
 
 
 12
 The government made no motion for a reduced sentence in this case, nor did the district court make any reference to Sec. 3553(e) in departing from the mandatory minimum sentence. Moreover, there seems to be no basis for a substantial-assistance motion or finding. Indeed, King raised no challenge in the district court and raises none on appeal to the government's failure to file a substantial-assistance motion. See Wade v. United States, --- U.S. ----, ----, 112 S.Ct. 1840, 1843-1844 (1992). Accordingly, Sec. 3553(e) provides no authority for the trial court's imposition of a 57-month sentence in this case.
 
 
 13
 Although the federal sentencing guidelines and mandatory minimum sentences imposed by the legislative branch may appear to some to usurp the traditionally exclusive power of the judiciary to pronounce an appropriate sentence for a violation of the law, the Supreme Court has concluded that such sentencing requirements are constitutional. See Mistretta v. United States, 488 U.S. 361 (1989). Therefore, there can be no doubt that Congress has the authority to enact these provisions. Id. at 412. In addition, it is well established that these sentencing guidelines and mandatory minimum sentences are binding on the federal courts. 18 U.S.C. Sec. 3742(f)(1); Stinson v. United States, --- U.S. ----, ----, 113 S.Ct. 1913, 1917 (1993); Mistretta, 488 U.S. at 391.
 
 
 14
 We have previously commented on the restrictive nature of congressionally-imposed sentences. In United States v. Harriott, Chief Judge Ervin aptly noted that:
 
 
 15
 It is perhaps understandable for sentencing judges, especially those familiar with pre-Guideline sentencing, to feel constrained by the Guidelines (as well as mandatory minimum sentences) on occasion. There may be a temptation to work backwards: to decide what sentence a defendant would have received before the Guidelines came into effect and then to apply various Guidelines' provisions in order to approximate that sentence as closely as possible. While we recognize that such an approach may have personal appeal, we must admonish the district courts instead to apply the Guidelines as written. Attempts, in effect, to manipulate the Guidelines in order to achieve the 'right result' in a given case are inconsistent with the Guidelines' goal of creating uniformity in sentencing.
 
 
 16
 976 F.2d at 202-203.
 
 
 17
 In fact, this case demonstrates exactly the type of manipulation of federal sentencing requirements that Chief Judge Ervin urged district courts to avoid. It is clear from the record that the trial judge in this case made every attempt to circumvent the minimum sentence required by law in order to achieve what he believed to be the "right result." Id. Although we can certainly understand the desire to impose a lighter sentence in this case,[5] we cannot condone disregard for the clear mandate of law.
 
 
 18
 Furthermore, the trial judge's attempt to reduce the amount of cocaine involved to that which King could have "reasonably foreseen" is not supported by statute or case law. Under the sentencing guidelines, consideration of the amount of drugs reasonably foreseeable by the defendant is permitted only in the sentencing of co-conspirators. Guidelines Sec. 1B1.3(a)(1)(B). Similarly, our cases make clear that the "reasonable foreseeability" test applies only to sentencing following a conspiracy conviction. United States v. Banks, 10 F.3d 1044, 1057 (4th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1851 (1994); United States v. Irvin, 2 F.3d 72, 78 (4th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1086 (1994); United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir.1993). Accordingly, we conclude that the district court improperly reduced the quantity of base cocaine it would consider for sentencing purposes. On remand, the district court must take into account the entire 242 grams of cocaine base found in King's suitcase when calculating the proper sentence in this case.
 
 
 19
 We express no opinion as to the appropriate sentence to be imposed by the district court on remand. However, as noted earlier, on September 13, 1994, Congress amended 18 U.S.C. Sec. 3553 to permit, in certain cases, downward departure from the mandatory minimum sentencing requirements in "all sentences imposed after the 10th day beginning after the date of enactment of this Act."[6] On remand, the district court will have to determine if the amendment is applicable here and, if so, if it permits a downward departure in this case.
 
 
 20
 VACATED AND REMANDED.
 
 
 
 [1]
 The commentary to the federal sentencing guidelines states that "cocaine base," as controlled by 21 U.S.C. Sec. 841(a)(1), is synonymous with "crack," the type of cocaine discovered in King's suitcase. United States Sentencing Commission, Guidelines Manual Sec. 2D1.1 (1993)
 
 
 [2]
 Toward the beginning of the sentencing hearing, the trial judge remarked that "this is one of those things that Congress has wisdom to seem to do, and which I absolutely disapprove...." He reiterated his feelings near the close of the hearing by emphasizing his "disapproval of this mandatory minimum which would apply to [King] based upon the actual weight of the drugs found in her suitcase."
 
 
 [3]
 The sentencing guidelines are promulgated by the United States Sentencing Commission pursuant to 28 U.S.C. Sec. 994(a)
 
 
 [4]
 Subsequent to the decision of the trial court, Congress amended 18 U.S.C. Sec. 3553 to allow a sentencing judge greater latitude to depart downward from the mandatory minimum sentence for a violation of 21 U.S.C. Sec. 841. The effective date of this amendment was September 23, 1994. See 18 U.S.C. Sec. 3553, as amended by Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103-322, 108 Stat. 1796, 1985-1986 (1994)
 
 
 [5]
 Like the district court, we recognize that Sec. 841(b)(1)(A)(iii) commands a harsh penalty in this case, particularly in light of fact that King was a passive participant in the chain of distribution, had no prior criminal record and, after being arrested, cooperated fully with the police
 
 
 [6]
 The amendment reads, in pertinent part:
 Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Import and Export Act (21 U.S.C. 841, 844, 846), ... the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--
 (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
 (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
 (3) the offense did not result in death or serious bodily injury to any person;
 (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; and
 (5) not later than the time of the sentencing hearing, the defendant has truthfully provided the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information shall not preclude a determination by the court that the defendant has complied with this requirement.
 18 U.S.C. Sec. 3553, as amended by Pub.L. No. 103-322, 108 Stat. 1796, 1985-1986.